JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Kevin Washington & Tawana Washington

**(b)** County of Residence of First Listed Plaintiff    Philadelphia Co.
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Matthew B. Weisberg, Esquire
Weisberg Law, 7 South Morton Avenue, Morton, PA 19070
mweisberg@weisberglawoffices.com    (610) 690-0101

## DEFENDANTS

Philadelphia Gas Works, et al.

County of Residence of First Listed Defendant    Philadelphia Co.
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
       THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
4th & 14th Amendment

Brief description of cause:
Violation of Due Process

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   *Will supply*

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   7/2/15    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Kevin Washington & Tawana Washington,  :
individ. & as h/w
1377 Farrington Rd.
Philadelphia, PA 19151

                   Plaintiffs,  :

            v.          :    NO.:

Philadelphia Gas Works  :
800 W. Montgomery Ave.
Philadelphia, PA 19122  :

      And  :

City of Philadelphia  :
d/b/a Philadelphia Gas Works   **Jury of Twelve (12) Jurors Demanded**
1515 Arch Street  :
Philadelphia, PA 19102

      And  :

John Does 1-10  :

             Defendants.  :

## CIVIL ACTION COMPLAINT

### I.    Jurisdiction and Venue

1.    Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 USC §1367.

2.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) in that the events giving rise to Plaintiff's claims occurred in this District.

### II.    Parties

3.    Plaintiffs, Kevin Washington and Tawana Washington, are married and adult individuals residing at the above-captioned address.

4.     Defendant, Philadelphia Gas Works ("PGW"), is a utility owned by Defendant, City of Philadelphia.

5.     Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom.  Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.  Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendant, liable to Plaintiffs hereunder.

### III.    Operative Facts

6.     Around August 2013, Plaintiff received a 10-day gas "shut-off" notice from Defendant, PGW.

7.     Plaintiff immediately contacted PGW and agreed to pay approximately $700 to avoid termination of gas service. At that time, PGW did not tell Plaintiff he needed to make any other payments.

8.     On or about August 14, 2013, Plaintiff's gas service was terminated.  Plaintiff immediately contacted PGW again and was told that his gas was shut off because he did not contact PGW to enter into a payment arrangement.

9.     Plaintiff then went to the PGW district office in South Philadelphia and presented his receipt for payment of $700.  Plaintiff was told that the amount should have been higher.

10.    On or about October 15, 2013, Plaintiff filed a complaint with the Pennsylvania Public Utility Commission ("PUC") against PGW.  Docket No. C-2013-2388427.

11.     In November 2013, a PGW representative, Defendant, John Doe, contacted Plaintiff and requested payment to resolve Plaintiff's complaint. Plaintiff asked for paperwork to be sent to him so that he could consider the offer.

12.     Around January 2014, Plaintiff contacted PUC to find out when his evidentiary hearing would be conducted. PUC told Plaintiff that his case was closed and that he had made a payment agreement with PGW. Plaintiff was surprised and disputed that he made a payment agreement with PGW. Upon information and belief, PGW knowingly and falsely advised PUC that a settlement agreement had been reached with Plaintiff. A PUC hearing was rescheduled and held on or about March 13, 2014.

13.     On or about August 27, 2014, Plaintiff's PUC complaint was sustained in part and denied in part by Administrative Law Judge, Angela T. Jones. PGW was found responsible for operational errors but not ordered to restore gas service.

14.     Having exhausted his administrative remedies, Plaintiff paid PGW approximately $2,000 to restore gas service.

15.     The conduct of Defendants was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiff's rights. Upon information and belief, specifically, Defendants have a policy/practice of terminating gas service without notice and then falsely claiming settlement agreements in order to preclude citizens from receiving fairing hearings, including by and through a failure to train, supervise, and otherwise abide due process and the law.

16.     As a result of the aforesaid, Plaintiffs have suffered significant financial damages and severe emotional distress.

IV.     **Causes of Action**

## COUNT I
## VIOLATION OF DUE PROCESS UNDER THE U.S. CONSTITUTION AMENDMENTS IV AND XIV

17.     Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

18.     Plaintiffs were never given notice prior to Defendants' termination of gas services. Defendants then falsely claimed settlement had been reached to preclude Plaintiffs from receiving a fair hearing.

19.     The termination and hearing obstruction, in turn, constituted a violation of Plaintiffs' Constitutional right to procedural and substantive due process.

20.     Terminating gas service without notice to the debtor and then obstructing a fair hearing violates the due process clauses of the Fourth and Fourteenth Amendments.

21.     Defendants are a state actor per 42 U.S.C. §1983, et seq.

22.     Defendants' willful, reckless and malicious actions were made in an effort to deprive Plaintiffs of their rights as set forth above and pursuant to U.S. Const. Amends. IV and XIV.

## COUNT II
## NEGLIGENCE

23.     Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

24.     As a direct result of Defendants' intentional, negligent, careless, and/or reckless misconduct, including but not limited to Defendants' terminating gas service without notice to the debtor and then obstructing a fair hearing, as described herein, caused Plaintiffs to be personally and financially damaged and/or injured, all of which may be permanent, ongoing and/or an aggravation of a pre-existing condition(s), including, but not limited to:

a.  humiliation, embarrassment, emotional distress, inconvenience and annoyance;

b.  financial and/or personal injury;

c.  attorneys fees, expenses and costs;

d.  damage to credit-worthiness and credit score; and

e.  such other and further injury as may be revealed through continuing discovery and/or at trial.

## COUNT III
### ABUSE OF PROCESS

25.  Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

26.  Terminating gas service without notice and then obstructing a fair hearing was intentional, wanton, malicious and with reckless disregard for the rights of Plaintiffs.

27.  Plaintiffs suffered harm due to Defendants' conduct.

## COUNT IV
### *Monell*

28.  Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

29.  Prior to the events described herein, Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons, which caused violations of Plaintiffs' constitutional and other rights.

30.  The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of citizens, such as Plaintiffs, and were the cause of the violations of Plaintiffs' rights as set forth herein.

31.  Plaintiffs suffered harm due to Defendants' conduct.

**COUNT V**
**PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION**
**LAW ("UTPCPL")**

32.     Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

33.     Plaintiffs are "Person(s)" as defined by 73 Pa.C.S. §2012.

34.     The UTPCPL proscribes, *inter alia*, engaging in any "unfair and deceptive acts or practices" either at, prior to, or subsequent to a consumer transaction.

35.     The actions of Defendants, as aforesaid (incorporated by reference), constitute unfair or deceptive acts and practices under UTPCPL.

36.     As a direct and proximate result of the said actions, Plaintiffs suffered harm (incorporated by reference).

**COUNT VI**
**LOSS OF CONSORTIUM**

37.     Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

38.     As a result of the wrongful acts of Defendants, Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

39.     All the aforesaid injuries and damages were caused solely and proximately by the Defendants.

V.      **Prayer for Relief**

WHEREFORE, Plaintiffs respectfully request judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of $75,000.00, including:

a.      Compensatory, statutory, and punitive damages;

b.      Attorneys' fees, costs and interest; and

c.      Injunctive relief, including monitoring and training; and

d.      Such other and further relief as this Court may deem proper.


                                        WEISBERG LAW


                                        _____
                                        Matthew B. Weisberg, Esquire
                                        David A. Berlin, Esquire
                                        Attorneys for Plaintiffs