UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kevin Washington & Tawana Washington, individ. & as h/w<br>1377 Farrington Rd.<br>Philadelphia, PA 19151 | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | NO.: 15-3745 |
| Philadelphia Gas Works<br>800 W. Montgomery Ave.<br>Philadelphia, PA 19122 | : : : : | |
| And | : : | |
| Craig White, in his official capacity as President & Chief Executive Officer of the Philadelphia Gas Works<br>800 W. Montgomery Ave.<br>Philadelphia, PA 19122 | : : : : : : | Jury of Twelve (12) Jurors Demanded |
| And | : : | |
| John Does 1-10 | : : | |
| Defendants. | : | |

## FIRST AMENDED CIVIL ACTION COMPLAINT

### I.     Jurisdiction and Venue

1.     Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 USC §1367.

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) in that the events giving rise to Plaintiff's claims occurred in this District.

## II.     Parties

3.   Plaintiffs, Kevin Washington and Tawana Washington, are married and adult individuals residing at the above-captioned address.

4.   Defendant, Philadelphia Gas Works ("PGW"), is a utility company.

5.   Defendant, Craig White, is an adult individual who, at all times material herein, acted in his official capacity as President & Chief Executive Officer, acting under color of State law. Upon information and belief, Craig White is the chief decision maker of PGW.

6.   Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendant, liable to Plaintiffs hereunder.

## III.    Operative Facts

7.   Around August 2013, Plaintiff received a 10-day gas "shut-off" notice from Defendant, PGW.

8.   Plaintiff immediately contacted PGW and agreed to pay approximately $700 to avoid termination of gas service. At that time, PGW did not tell Plaintiff he needed to make any other payments.

9.   On or about August 14, 2013, Plaintiff's gas service was terminated. Plaintiff immediately contacted PGW again and was told that his gas was shut off because he did not contact PGW to enter into a payment arrangement.

10. Plaintiff then went to the PGW district office in South Philadelphia and presented his receipt for payment of $700. Plaintiff was told that the amount should have been higher.

11. On or about October 15, 2013, Plaintiff filed a complaint with the Pennsylvania Public Utility Commission ("PUC") against PGW. Docket No. C-2013-2388427.

12. In November 2013, a PGW representative, Defendant, John Doe, contacted Plaintiff and requested payment to resolve Plaintiff's complaint. Plaintiff asked for paperwork to be sent to him so that he could consider the offer.

13. Around January 2014, Plaintiff contacted PUC to find out when his evidentiary hearing would be conducted. PUC told Plaintiff that his case was closed and that he had made a payment agreement with PGW. Plaintiff was surprised and disputed that he made a payment agreement with PGW. Upon information and belief, PGW knowingly and falsely advised PUC that a settlement agreement had been reached with Plaintiff. A PUC hearing was rescheduled and held on or about March 13, 2014.

14. On or about August 27, 2014, Plaintiff's PUC complaint was sustained in part and denied in part by Administrative Law Judge, Angela T. Jones. PGW was found responsible for operational errors but not ordered to restore gas service.

15. Critically, Judge Jones found PGW's testimony that it subsequently changed its procedure was an admission that PGW's procedure was inadequate at the time germane to Plaintiff's complaint. "The timing of a change in procedure may result in past procedures of a payment arrangement being incorrect." Id.

16. Judge Jones concluded that PGW's past procedure caused Plaintiff not to have actual notice that he needed to contact PGW to obtain a payment arrangement. Id.

17. Having exhausted his administrative remedies, Plaintiff paid PGW approximately $2,000 to restore gas service.

18. At the time Plaintiff interacted with Defendant described above, the conduct of Defendants was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiff's rights. Upon information and belief, specifically, Defendants policy/practice was to terminate gas service without notice and falsely claim settlement agreements in order to preclude citizens from receiving fairing hearings, including by and through a failure to train, supervise, and otherwise abide due process and the law.

19. As a result of the aforesaid, Plaintiffs have suffered significant financial damages and severe emotional distress.

## IV.    Causes of Action

### COUNT I
### VIOLATION OF DUE PROCESS UNDER THE U.S. CONSTITUTION AMENDMENTS IV AND XIV via *Monell*

20. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

21. Plaintiffs were never given notice prior to Defendants' termination of gas services. Defendants then falsely claimed settlement had been reached to preclude Plaintiffs from receiving a fair hearing.

22. The termination and hearing obstruction, in turn, constituted a violation of Plaintiffs' Constitutional right to procedural and substantive due process.

23. Terminating gas service without notice to the debtor and then obstructing a fair hearing violates the due process clauses of the Fourth and Fourteenth Amendments.

24. Defendants are state actors per 42 U.S.C. §1983, et seq.

25. Defendants' willful, reckless and malicious actions were made in an effort to deprive Plaintiffs of their rights as set forth above and pursuant to U.S. Const. Amends. IV and XIV.

26. Prior to the events described herein, Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons, which caused violations of Plaintiffs' constitutional and other rights.

27. The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of citizens, such as Plaintiffs, and were the cause of the violations of Plaintiffs' rights as set forth herein.

28. Plaintiffs suffered harm due to Defendants' conduct.

### V. Prayer for Relief

WHEREFORE, Plaintiffs respectfully request judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of $75,000.00, including:

a. Compensatory, statutory, and punitive damages;

b. Attorneys' fees, costs and interest; and

c. Injunctive relief, including monitoring and training; and

d. Such other and further relief as this Court may deem proper.

WEISBERG LAW

Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kevin Washington & Tawana Washington, individually & as h/w<br>1377 Farrington Rd.<br>Philadelphia, PA 19151<br><br>Plaintiffs,<br><br>v.<br><br>Philadelphia Gas Works, et al.<br>800 W. Montgomery Ave.<br>Philadelphia, PA 19122<br><br>Defendants. | NO.: 15-3745<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

### CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 29th day of September, 2015, a true and correct copy of the foregoing Plaintiffs' First Amended Civil Action Complaint was served via ECF and regular mail upon the following parties:

Carol L. Press, Esquire
Casey A. Coyle, Esquire
Keith E. Smith, Esquire
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place, 22nd Floor
50 South 16th Street
Philadelphia, PA 19102

WEISBERG LAW

_____
MATTHEW B. WEISBERG
Attorney for Plaintiffs