**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEVIN WASHINGTON, *et al*.** **Plaintiffs,** v. **PHILADELPHIA GAS WORKS, *et al*.** **Defendants.** | : | **CIVIL ACTION NO. 15-3745** |

**MEMORANDUM OPINION**

**Rufe, J.** **July 6, 2016**

Defendants Philadelphia Gas Works ("PGW") and Craig White, the President and Chief Executive Officer of PGW, have filed a motion to dismiss the Amended Complaint. Plaintiffs oppose the motion. For the following reasons, the motion will be granted.

## I. FACTUAL ALLEGATIONS

The Amended Complaint alleges the following facts. Plaintiffs are residents of Philadelphia who receive natural gas service through PGW. In August of 2013 they received a 10-day "shut off" notice from PGW.[1] Plaintiffs agreed to pay $700 to avoid termination of their service, and were not told that any other payments were needed.[2] Despite this agreement, PGW terminated Plaintiffs' gas service on August 14, 2013; PGW then informed Plaintiffs that they had not paid enough on their arrearages.[3] After Plaintiffs filed a complaint against PGW with the state Public Utilities Commission ("PUC"), PGW offered to resolve the dispute, and although Plaintiffs did not agree to a resolution, PGW notified the PUC that a settlement had been

[1] Am. Compl. ¶ 7.

[2] Am. Compl. ¶ 8.

[3] Am. Compl. ¶¶ 9-10.

reached.[4] Plaintiffs disputed the assertion of a settlement, and the PUC complaint was heard by an Administrative Law Judge ("ALJ").[5] On August 27, 2014, the ALJ sustained Plaintiffs' complaint in part and denied it in part, holding that PGW had committed operational errors and that its past procedures were inadequate and deprived Plaintiffs of actual notice of the need to set up a payment plan.[6] The ALJ also found that PGW changed its procedures while the PUC complaint was pending and did not order PGW to restore service to Plaintiffs.[7] Plaintiffs then paid approximately $2,000 to PGW in order to have their service restored.[8] Plaintiffs allege that Defendants' actions violated their rights to procedural and substantive due process and seek relief pursuant to 42 U.S.C. § 1983.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that he is entitled to relief.[9] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[10] Courts are not, however, bound to accept as true legal conclusions couched

[4] Am. Compl. ¶¶ 11-13.

[5] Am. Compl. ¶ 13.

[6] Am. Compl. ¶¶ 14-16.

[7] Am. Compl. ¶¶ 14-15.

[8] Am. Compl. ¶ 17.

[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[10] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

as factual allegations.[11] Something more than a mere *possibility* of a claim must be alleged; a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[12] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[13]

## III. DISCUSSION

Plaintiffs allege that PGW had a policy or custom to "terminate gas service without notice and falsely claim settlement agreements in order to preclude citizens from receiving [fair] hearings."[14] In order to state a cause of action under § 1983, Plaintiffs must allege that PGW violated a right protected under the Constitution of the United States. Section 1983 is not a source of substantive rights and does not provide redress for common law torts.[15] The provision of utility services by a municipality implicates procedural, but not substantive, due process concerns under the Due Process Clause of the Fourteenth Amendment.[16] In other words, the right to receive utility services may constitute a property interest cognizable under the procedural protections of the Due Process Clause, but it is not substantively guaranteed against state interference.[17] Therefore, as a matter of law, Plaintiffs cannot state a substantive due process violation.

---

[11] *Twombly*, 550 U.S. at 555, 564.

[12] *Id.* at 570.

[13] *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation marks omitted).

[14] Am. Compl. ¶ 18.

[15] *Baker v. McCollan*, 433 U.S. 137, 146 (1979).

[16] *Ransom v. Marrazzo*, 848 F.2d 398, 411-12 (3d Cir. 1988); *Nicholas v. Pennsylvania State University*, 227 F. 3d 133, 140 (3d Cir. 2000).

[17] *Ransom*, 848 F.2d at 412 (citing *Memphis Light, Gas, and Water Division v. Craft*, 436 U.S. 1, 9 (1978)).

The procedural component of the Due Process Clause requires that an individual must receive some form of notice and an opportunity to dispute the proposed action before being deprived of a property interest.[18] For purposes of the motion to dismiss, Defendants do not dispute that Plaintiffs have a property interest in continued gas service. Defendants argue instead that Plaintiffs have failed to allege facts supporting the inference that any deprivation was the result of a municipal policy or custom.[19] In this regard, Plaintiffs must plead facts that "(1) identify a policy or custom that deprived [them] of a federally protected right, (2) demonstrate that the municipality, by its deliberate conduct, acted as the 'moving force' behind the alleged deprivation, and (3) establish a direct causal link between the policy or custom and the plaintiff's injury."[20]

A municipal policy is made when a "decisionmaker [with] final authority … issues an official proclamation, policy, or edict" and a custom is made when practices are "so permanent and well-settled as to virtually constitute law."[21] When alleging a municipal custom, the plaintiff must be able to attribute knowledge and acquiescence to the municipal decisionmaker.[22] The pleading requirements are not met by allegations which "simply paraphrase[e] § 1983" or make "conclusory or general claims" of a municipal policy or custom.[23]

---

[18] *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

[19] *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

[20] *Torres v. City of Allentown*, No. 07-0934, 2008 WL 2600314, at * 4 (E.D. Pa. Oct. 31, 2013) (internal quotation marks omitted) (citing *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)).

[21] *Mulholland v. Cty. of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d. Cir. 1990)).

[22] *McTernan v. City of York, Pa.*, 564 F.3d 636, 658 (3d Cir. 2009); *Watson v. Abington Twp.*, 478 F.3d 144, 156 (3d Cir. 2007).

[23] *Wood v. Williams*, 568 F. App'x 100, 104 (3d Cir. 2013).

The Amended Complaint alleges that Defendants' "policy/practice was to terminate gas service without notice and falsely claim settlement agreements in order to preclude citizens from receiving fairing [sic] hearings."[24] This conclusory statement does not properly allege a municipal policy (it does not identify any kind of specific, official directive connected to the action of a municipal decisionmaker)[25] or a municipal custom (there is no allegation that what happened to Plaintiffs has happened to any other customers or was the result of a permanently-settled practice).[26] Instead, the Amended Complaint relies on the ALJ's opinion, alleging that it identified constitutionally infirm policies or customs. Although the Court assumes that the factual allegations of the Amended Complaint are true for purposes of the motion to dismiss, the Court may look to the ALJ's opinion to determine whether the Amended Complaint characterizes it accurately.[27]

---

[24] Am. Compl. ¶ 18.

[25] *Mulholland*, 706 F.3d at 237. The Amended Complaint ostensibly names a municipal policymaker by suing Craig White in his official capacity as the President and Chief Executive of PGW. However, the pleadings contain no allegations that attempt to connect Mr. White to any particular policy or allege any knowledge or acquiescence by Mr. White in any custom of cutting off gas service without notice or falsely claiming settlement agreements to deny fair hearings. *See Rees v. Office of Children & Youth*, 473 F. App'x 139, 143 (3d Cir. 2012) (dismissing complaint for failure to link the alleged offending policies or customs to someone with municipal policy making authority); *McTiernan*, 564 F.3d at 658.

[26] *Id.*

[27] Plaintiffs did not attach a copy of the ALJ's opinion to the Amended Complaint; however, Defendants attached a copy to the motion to dismiss. The court may take judicial notice of the ALJ's opinion on a motion to dismiss not for the truth of the facts therein, but for the existence of the opinion, provided there is no reasonable dispute over the authenticity of the opinion. *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). Third Circuit authority suggests that the distinction between judicially noticing the existence of prior proceedings and judicially noticing the truth of facts averred in those proceedings is analogous to the hearsay rule, which allows an out-of-court statement to be admitted into evidence for purposes other than establishing the truth of the statement. *Id.* at 427 n. 7. The Court therefore may examine the opinion to determine whether it contradicts the complaint's legal conclusions or factual claims without converting the motion to dismiss into one for summary judgment. *Id.* (citing *Kauffman v. Moss*, 420 F. 2d 1270, 1274-75 (3d Cir. 1970)); *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998).

The Amended Complaint alleges that the ALJ (1) considered PGW's testimony that it changed procedures for handling payment arrangements with customers following a shutoff notice as an admission that PGW's procedures were inadequate at the time of the dispute with Plaintiffs; and (2) determined that PGW's past procedures deprived Plaintiffs of actual notice that they needed to contact PGW to obtain a payment arrangement.[28] However, the ALJ's opinion made no finding of deficient procedures at the time Plaintiffs' service was terminated that would give rise to a denial of due process, but instead determined that there was no evidence that Plaintiff Kevin Washington (the complainant in the PUC proceeding) received actual notice of the need to have the payment arrangement reinstated, and that "PGW admitted that it has changed the procedure to enter payment arrangements as of the end of August 2013, by not requiring a person seeking a payment arrangement to contact the Company once they have made the payment required by the Company."[29] A change in policy does not render a previous policy constitutionally infirm, and the ALJ concluded that although Mr. Washington had sustained his burden of proof to show that PGW had made operational errors, he failed to demonstrate that he was entitled to the restoration of gas service due to bad faith with regard to past failures to make payments.[30] Plaintiffs have not identified a specific policy or custom that caused their deprivation; Plaintiffs allege at most that an employee failed to explain the procedure Plaintiffs

[28] Am. Compl. ¶¶ 15-16.

[29] Def.'s Mot. to Dismiss Exh. A at 16-17.

[30] *Id.* at 27. Thus, the ALJ's opinion fails to support any claim that Plaintiffs' loss of service was due to actions by PGW rather than their own history of bad-faith failure to meet payment obligations.

needed to follow to avoid service interruption.[31] Such allegations do not suffice to allow liability to attach to Defendants.

## IV. CONCLUSION

The motion to dismiss will be granted, and the remaining question is whether dismissal should be with or without prejudice. In civil rights cases, "district courts must offer amendment – irrespective of whether it was requested – when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."[32] The Court finds that amendment would be futile in this case, because Plaintiffs already filed an amended complaint in response to an earlier motion to dismiss, and there is no indication that further amendment (which Plaintiffs have not requested) would result in a viable claim. Therefore, the Amended Complaint will be dismissed with prejudice. An appropriate order will be entered.

---

[31] Similarly, with regard to the allegation that PGW falsely claimed a settlement, there are no allegations that this was done pursuant to a policy or custom as opposed to a misunderstanding in this case, and, in any event, Plaintiffs did receive a hearing before the PUC.

[32] *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).